IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY EUGENE LARSON,

        Plaintiff,                    No. CIV S-07-0664 LKK KJM P

    vs.

WARDEN JOHN DOE, et al.,

        Defendants.           <u>ORDER</u>

                                 /

          Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

          Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

1

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 126 S.Ct. 1955, 1964-65 (2007). A complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197 (2007). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint, id., and construe the pleading in the light most

1  favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

2  Plaintiff contends that the defendants have ignored a doctor's recommendation
3  that he be placed in a prison with specific mental health treatment options and that, as a result, he
4  has been denied parole because he has not received appropriate mental health treatment.  He also
5  alleges that defendant Patton has prevented him from "getting his SSI turned back on."

6  A person incarcerated in a public institution is not eligible for SSI benefits.  42
7  U.S.C. § 1382(e)(1)(A).  This portion of the complaint fails to state a claim.

8  Additionally, there is no constitutional right to a particular classification or to
9  placement in a particular institution.  Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Olim v.
10 Wakinekona, 461 U.S. 238, 245 (1983).  However, plaintiff may be alleging that he is being
11 denied appropriate mental health treatment.  Although such an allegation may state a claim, it is
12 difficult to determine the exact nature of this claim from the current complaint.  Plaintiff will be
13 given the opportunity to amend the complaint with respect to the mental health claim only.

14 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
15 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
16 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
17 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
18 there is some affirmative link or connection between a defendant's actions and the claimed
19 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
20 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
21 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
22 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23 In addition, plaintiff is informed that the court cannot refer to a prior pleading in
24 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
25 amended complaint be complete in itself without reference to any prior pleading.  This is
26 because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

1  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
2  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
3  original complaint, each claim and the involvement of each defendant must be sufficiently
4  alleged.

5         In accordance with the above, IT IS HEREBY ORDERED that:
6         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
7         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
8  The fee shall be collected and paid in accordance with this court's order to the Director of the
9  California Department of Corrections and Rehabilitation filed concurrently herewith.
10        3.  Plaintiff's complaint is dismissed.
11        4.  Plaintiff is granted thirty days from the date of service of this order to file an
12 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
13 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
14 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
15 an original and two copies of the amended complaint; failure to file an amended complaint in
16 accordance with this order will result in a recommendation that this action be dismissed.
17        5.  The Clerk of the Court is ordered to send plaintiff a form for a civil rights
18 action by a prisoner.

19 DATED:  October 23, 2007.

_____
U.S. MAGISTRATE JUDGE

2
lars0664.14